# In the United States Court of Federal Claims

|  |  |
|---|---|
| CHRISTOPHER S. BARKSDALE,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 24-cv-1102<br><br>Filed: November 20, 2024 |

*Christopher S. Barksdale*, Cleveland, Ohio, appearing *pro se.*

*Joshua David Tully*, United States Department of Justice, Civil Division, Commercial Litigation Branch, Washington, D.C., appearing for Defendant.

**MEMORANDUM AND ORDER**

Recognizing the importance of access to federal courts, Congress first enacted the federal *in forma pauperis* (IFP) statute in 1892. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). That statute, as amended, is now codified at 28 U.S.C. § 1915 and permits individuals who cannot afford a federal court's filing fees to pursue their claims without prepayment of the filing fees. 28 U.S.C. § 1915(a)(1). This Court—as "The People's Court"—reflects a similar principle that individuals may pursue their rights against the federal government.[1] These rights, however, are not absolute. The IFP statute does not allow for frivolous or malicious claims; it provides that a court "shall dismiss the case" if the action is, among other things, frivolous, malicious, or fails to state a claim. § 1915(e)(2)(i)–(ii). Similarly, it is well-established that this Court is not a forum for all "federal

---

[1] *See U.S. Court of Federal Claims: The People's Court*, THE FED. LAWYER, Oct. 2007, at 29, www.fedbar.org/wp-content/uploads/2007/10/focuson-fed-claims-court-oct07-pdf-1.pdf.

claims"; rather it is one of limited jurisdiction. *See Marcum LLP v. United States*, 753 F.3d 1380, 1382 (Fed. Cir. 2014) ("The Court of Federal Claims is a court of limited jurisdiction.").

Plaintiff Christopher S. Barksdale has a long history of filings in federal court. In his Complaint, he cites fifteen cases he previously filed that were purportedly improperly dismissed. Two of those cases are relevant here. In the first, the Honorable Charles E. Fleming, a district judge for the United States District Court for the Northern District of Ohio, *sua sponte* dismissed Plaintiff's claims for lack of subject matter jurisdiction and for lacking an arguable basis in law and facts. *See Barksdale v. Ohio Gen. Assembly*, No. 1:22 CV 2107, 2023 WL 2139369, at *2–3 (N.D. Ohio Feb. 21, 2023) (*Barksdale I*). In the second case, the Honorable David A. Ruiz, a district judge on the same court, *sua sponte* remanded a case that Plaintiff had removed to federal court. *Cuyahoga Cnty. Ohio v. Barksdale*, No. 24-719 (N.D. Ohio May 10, 2024) (*Barksdale II*). Seemingly aggrieved by these decisions, Plaintiff brings his Complaint in this Court against the judges who made them: Judges Fleming and Ruiz (the Judicial Defendants). *See* Complaint (ECF No. 1) (Complaint or Compl.) ¶¶ 6–8. Plaintiff also names the Judicial Conference of the United States (JCUS) as a Defendant. *Id.* ¶¶ 6, 10.

Defendant moves to dismiss Plaintiff's Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims (Rule(s)). *See* Defendant's Motion to Dismiss *Pro Se* Complaint (ECF No. 6) (Def. Mot.) at 1.[2] Because this Court lacks jurisdiction over (1) all of Plaintiff's statutory, constitutional, and breach of contract claims, (2) Plaintiff's claims against the Judicial Defendants, and (3) Plaintiff's claims that seek to relitigate the decisions of other courts, Defendant's Motion is **GRANTED**.

---

[2] Citations throughout this Memorandum and Order reference the ECF-assigned page numbers, which do not always correspond to the pagination within the document.

## PROCEDURAL BACKGROUND

On July 17, 2024, Plaintiff Christopher S. Barksdale, appearing *pro se*, filed a Complaint. *See* Compl. That same day, Plaintiff filed an Application to Proceed *In Forma Pauperis*. ECF No. 2. On September 16, 2024, Defendant filed its Motion to Dismiss under Rules 12(b)(1) and 12(b)(6). Def. Mot. Plaintiff responded to Defendant's Motion and cross-moved for summary judgment in the same pleading on September 20, 2024. Plaintiff Memorandum in Support of his Motion for Summary Judgment and Reply to Defendant Motion to Dismiss (ECF No. 7-1) (Pl. Resp.). On September 25, 2024, Defendant filed its Reply in support of its Motion and Opposition to Plaintiff's Motion for Summary Judgment. Defendant's Reply in Support of Motion to Dismiss *Pro Se* Complaint and Opposition to Motion for Summary Judgment (ECF No. 8) (Def. Reply). Both Defendant's Motion to Dismiss and Plaintiff's Motion for Summary Judgment are fully briefed and ripe for adjudication. In the interest of judicial economy, the Court considers Defendant's Motion to Dismiss first.

## FACTUAL BACKGROUND

Plaintiff lodges claims against the Judicial Defendants—the Honorable Charles E. Fleming and the Honorable David A. Ruiz—and JCUS. Compl. ¶¶ 6–8, 10, 15–16. While the claims are, at times, difficult to decipher, Plaintiff seems to take issue with the decisions in two cases from the United States District Court for the Northern District of Ohio. *Id.* ¶¶ 15–16 (citing case no. 24-cv-719 before the Honorable David A. Ruiz and case no. 22-cv-2107 before the Honorable Charles E. Fleming). Plaintiff alleges that the Judicial Defendants' *sua sponte* dismissals of his cases constitute improper "screenings" that illustrate "secret trials," which "[a]re literally, in fact subterfuge, where defendants['] deception by artifice or case law stratagem in advisory opinions conceals any wrongdoing." *Id.* ¶¶ 15, 21–22, 43. He claims that these screenings constitute advisory opinions, which "indicate a preference, limitation, or discrimination based on race" and

3

have "a disparate impact [] on minority" Plaintiff. *Id.* ¶¶ 15c, 42–43, 46.  Plaintiff further asserts that the *sua sponte* dismissals of his actions under 28 U.S.C. § 1915A[3] were improper because Section 1915A only applies to the screening of prisoner claims.  *See id.* ¶¶ 12–13, 15–16, 18, 25, 33, 39, 43.  Plaintiff also appears to contend that JCUS is partially responsible for these dismissals through its rule-making ability, which he claims promulgated 28 U.S.C. § 1915A(a) and led to Plaintiff's claimed deprivation of rights.  *Id.* ¶¶ 10–11.

Plaintiff has a history of filing actions in this Court and other federal courts that are frivolous or fail to invoke subject matter jurisdiction.  *See* Compl. ¶ 23 (listing 15 cases where Plaintiff's claims were dismissed under Section 1915);[4] *see also, e.g.*, *Barksdale I*, 2023 WL 2139369, at *3 (holding *sua sponte* that Plaintiff's claims lacked an arguable basis in law and facts); *Barksdale v. State of Ohio Dep't of Jobs and Family Servs.*, No. 13-cv-2504, slip op. at 3 (N.D. Ohio Dec. 4, 2013) (dismissing claim pursuant to 28 U.S.C. § 1915(e) and certifying under 28 U.S.C. § 1915(a)(3) that an appeal could not be taken in good faith); *Barksdale v. United States*, No. 11-cv-691, slip op. at 2 (N.D. Ohio May 20, 2011) (same); *Barksdale v. Ohio*, No. 1:10CV1437, 2010 WL 2836779, at *3 (N.D. Ohio July 20, 2010) (same); *Barksdale v. Cuyahoga Cnty, Ohio*, No. 07 CV 1490, 2007 WL 2320042, at *7 (N.D. Ohio Aug. 10, 2007) (same);

---

[3] In both *Barksdale I* and *Barksdale II*, Plaintiff's claims were not dismissed under Section 1915A. Section 1915A is limited to screening of prisoner claims.  *See* 28 U.S.C. § 1915A ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.").  Section 1915A is a different statute from Section 1915. *Compare* 28 U.S.C. § 1915, *with* 28 U.S.C. § 1915A.  In *Barksdale I*, Judge Fleming dismissed the action pursuant to Sixth Circuit precedent that applied Section 1915(e), not under Section 1915A.  *See* 2023 WL 2139369, at *3.  In *Barksdale II*, Judge Ruiz remanded the case to state court after Plaintiff attempted to remove the case to federal court.  No. 24-719 (N.D. Ohio May 10, 2024).  Nothing in *Barksdale II* related to Section 1915 or Section 1915A.

[4] Plaintiff lists case No. 2020bap08008 twice.  Compl. ¶ 23.

4

*Barksdale v. City of Cleveland*, No. 4-cv-2130, slip op. at 7 (N.D. Ohio Jan. 24, 2005) (same); *Barksdale v. Cuyahoga Cnty., Ohio*, No. 4-cv-1191, slip op. at 9 (N.D. Ohio July 15, 2004) (same). Nor is this the first time Plaintiff has filed in this Court. *See Barksdale v. United States*, No. 14-66C, 2014 WL 1910577, at *2 (Fed. Cl. May 12, 2014) (dismissing complaint lack of subject matter jurisdiction), *aff'd* 582 F. App'x 890 (Fed. Cir. 2014).

Plaintiff brings three causes of action. Each stem from the alleged improper dismissal of Plaintiff's lawsuits by the Judicial Defendants. Compl. ¶¶ 15–17, 18–29, 30–46. *First*, Plaintiff brings a cause of action for "[c]onspiracy to Deprive person of rights or privileges." *Id.* ¶¶ 15–17. Plaintiff appears to claim that the Judicial Defendants conspired to dismiss his claims, which violated a variety of statutes, including civil rights statutes, 42 U.S.C. § 1983, and 42 U.S.C. § 1985(3), as well as "the equal protection of 28 U.S.C. § 1654" and "equal privileges and immunities under the US Constitution," the Fourteenth Amendment, and the Due Process Clause of the Fifth Amendment. *Id.* To support the conspiracy claim, Plaintiff points to an email between two civil prosecutors in the Cuyahoga County Prosecutor's Office. *Id.* ¶ 16, Ex. A (ECF No. 1-2) (Cuyahoga Emails) at 2–3. In the Cuyahoga Emails, a state prosecutor forwarded a Notice of Appeal sent from Plaintiff to another prosecutor in his office, noting that he "dealt with [Plaintiff] in two prior cases." *Id.* at 3.

*Second*, Plaintiff brings a claim for "[c]ivil action for deprivation of rights," under Sections 1983 and 1988, asserting the alleged conduct by Defendants constitutes discrimination and deprivation of due process. Compl. ¶¶ 18–29. He argues that Defendants' dismissals of his cases under 28 U.S.C. § 1915A(a) constitute "material evidence of a Pattern or Practice" of screening, proving that "Defendant has discriminated on the basis of class." *Id.* ¶¶ 18, 25. The screenings,

5

Plaintiff argues, violate his First, Fifth, and Fourteenth Amendment rights. *Id.* ¶¶ 19–20. Plaintiff again cites 15 cases in which his claims were dismissed under Section 1915. *Id.* ¶ 23.

*Third*, Plaintiff alleges "[t]aking constitutional rights under expressed contract." *Id.* ¶¶ 30–46. Plaintiff brings this cause of action under Sections 1983 and 1988, asserting that Defendants discriminated based on class to deprive Plaintiff of access to justice. *Id.* ¶¶ 32, 40, 43, 46. Plaintiff further alleges that Defendants breached their employment contract by failing to perform the terms of 28 U.S.C. § 1915A, thereby violating the Fifth Amendment by taking Plaintiff's rights to represent himself in court under 28 U.S.C. § 1654. *Id.* ¶¶ 33, 35, 37. Plaintiff also alleges violations of his First, Fifth, and Ninth Amendment rights. *Id.* ¶¶ 33–35, 40, 46.

Plaintiff purports to bring his claims under the Federal Torts Claims Act (FTCA), 28 U.S.C. § 1346, and under provisions of the Civil Rights Act, 42 U.S.C. § 1983; 42 U.S.C. § 1985; and 42 U.S.C. § 1988. *Id.* ¶¶ 1–2. He further invokes venue and jurisdiction under the Tucker Act, 28 U.S.C. § 1491; 28 U.S.C. §§ 2071(e), (f); 28 U.S.C. § 1331; and 28 U.S.C. § 1658. *Id.* ¶¶ 3–4.

## APPLICABLE LEGAL STANDARDS

"The Court of Federal Claims is a court of limited jurisdiction." *Marcum LLP*, 753 F.3d at 1382. The Tucker Act vests this Court with jurisdiction over any suit against the United States for money damages "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1); *see United States v. Mitchell*, 463 U.S. 206, 212 (1983). The Tucker Act does not create any enforceable right against the United States on its own nor does it grant jurisdiction for "every claim invoking the Constitution, a federal statute, or a regulation." *Mitchell*, 463 U.S. at 216; *United States v. Testan*, 424 U.S. 392, 398 (1987); *Todd v. United States*, 386 F.3d 1091, 1093–94 (Fed. Cir. 2004). To fall within the Tucker Act's waiver of sovereign immunity, a plaintiff's claim for money damages against the United

6

States must be based on (i) an express or implied contract or (ii) a money-mandating constitutional provision, statute, or regulation. *See* 28 U.S.C. § 1491(a); *Mitchell*, 463 U.S. at 216–18.

While this Court has jurisdiction over monetary claims against the United States, it lacks jurisdiction over claims against private parties, state actors, or federal officials. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."); *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials."). A Plaintiff cannot circumvent this Court's jurisdiction "by merely naming the United States as defendant where the true nature of her allegations are lodged against a private party." *Doiban v. United States*, --- Fed. Cl. ----, 2024 WL 4499162 (2024) (quoting *Richardson v. United States*, No. 23-1744, 2024 WL 1193418, at *3 (Fed. Cl. Mar. 20, 2024)); *see Cooper v. United States*, 771 F. App'x 997, 1000 (Fed. Cir. 2019) (internal citations omitted) (*quoting Brazos Elec. Power Co-op., Inc. v. United States*, 144 F.3d 784, 787 (Fed. Cir. 1998)) ("Although the complaint names the United States as the sole defendant in the case caption, 'we customarily look to the substance of the pleadings rather than their form' to determine whether jurisdiction exists.").

It is well-established that the Court of Federal Claims lacks jurisdiction to review the decisions of state or federal courts. *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011). Indeed, "[p]ermitting parties aggrieved by the decisions of Article III tribunals to challenge the merits of those decisions in the Court of Federal Claims would circumvent the statutorily defined appellate process and severely undercut the orderly resolution of claims." *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1353 (Fed. Cir. 2015) (citing 28 U.S.C. § 1491).

While this Court generally has "jurisdiction over express and implied-in-fact contract claims against the United States," it may dismiss a claim for lack of jurisdiction where a plaintiff fails to plausibly allege such a contract. *Stephens v. United States*, 165 Fed. Cl. 341, 347 (2023) (citing *City of El Centro v. United States*, 922 F.2d 816, 820 (Fed. Cir. 1990)); *see also Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997) ("To show jurisdiction in the Court of Federal Claims, [plaintiff] must show that either an express or implied-in-fact contract underlies its claim."); *Starrett v. United States*, No. 2022-1555, 2023 WL 152827, at *4 (Fed. Cir. Jan. 11, 2023) ("Because . . . [plaintiff] does not plausibly allege the existence of an express or implied contract with the United States, the Claims Court lacked subject-matter jurisdiction over the case and correctly dismissed [plaintiff's] complaint.").

This Court must dismiss claims outside its subject matter jurisdiction pursuant to Rules 12(b)(1) and 12(h)(3). *See* Rules 12(b)(1), 12(h)(3). This may be done *sua sponte*. *See Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). When deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, this Court "accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014); *see also Banks v. United States*, 741 F.3d 1268, 1277 (Fed. Cir. 2014).

This Court liberally construes complaints filed by *pro se* plaintiffs because *pro se* filings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Although held to a less stringent standard for procedural deficiencies, *pro se* plaintiffs must still prove by a preponderance of the evidence that this Court has subject matter jurisdiction. *See Roman v. United States*, 61 F.4th 1366, 1370 (Fed. Cir. 2023); *Knighten v. United States*, No.

8

2024-1563, 2024 WL 4457474, at *1 (Fed. Cir. Oct. 10, 2024); *see also Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015) ("No plaintiff, *pro se* or otherwise, may be excused from the burden of meeting the court's jurisdictional requirements."). While a *pro se* complaint may include ambiguities, the fact that a litigant chooses to proceed *pro se* "does not excuse [] failures" on the merits. *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

## DISCUSSION

This Court lacks jurisdiction (i) over Plaintiff's statutory, constitutional, and breach of contract claims; (ii) to review the merits of the decisions of other federal courts; and (iii) to hear claims against the Judicial Defendants.[5] Accordingly, Defendant's Motion to Dismiss is granted.

**I.    This Court Lacks Jurisdiction Over Plaintiff's Individual Statutory, Constitutional, and Breach of Contract Claims.**

This Court lacks jurisdiction over each of Plaintiff's statutory, constitutional, and breach of contract claims.

---

[5] Even if this Court could exercise jurisdiction, Plaintiff's claims would nevertheless still be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). Section 1915(e)(2)(B) permits the Court "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. "[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Id.* at 325. Dismissal "is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible," or "if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (quoting *Neitzke*, 490 U.S. at 327−28 (citations omitted)); *Dozier-Carter v. United States*, No. 2010-5141, 2010 WL 4569990, at *2 (Fed. Cir. Nov. 5, 2010). Here, Plaintiff's allegations meet the standard for dismissal under Section 1915(e)(2)(B). Plaintiff baldly contends that judges and county attorneys conspired to deprive him of his right to access federal court. Compl. ¶¶ 1, 13, 15–22, 39, 33, 39–46. These allegations "lack[] an arguable basis either in law or in fact" and do not rationally suggest a conspiracy among judges or attorneys to deny Plaintiff access to the Court. *Neitzke*, 490 U.S. at 325. Accordingly, even if jurisdiction were proper here (which it is not), Plaintiff's Complaint would still be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B).

### A. This Court Lacks Jurisdiction Over Plaintiff's Statutory Claims.

Plaintiff purports to bring this case under a variety of statutes, including the FTCA and under multiple sections of the Civil Rights Act. Compl. ¶¶ 1–2. This Court lacks authority to hear claims under either statute because Congress has vested exclusive jurisdiction to hear these claims with the district courts. *See* 28 U.S.C. § 1346(b)(1)[6] (conferring exclusive FTCA jurisdiction upon district courts); 28 U.S.C. § 1343(a)(4)[7] (conferring exclusive jurisdiction for claims under the Civil Rights Act with district courts); *Canuto v. United States*, 673 F. App'x 982, 984 (Fed. Cir. 2016); *see also Robleto v. United States*, 634 F. App'x 306, 308 (Fed. Cir. 2015); *Shelden v. United States*, 742 F. App'x 496, 501 (Fed. Cir. 2018). As the Court of Federal Claims is not a district court, it cannot hear Plaintiff's FTCA or Civil Rights Act Claims. *See Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002) ("The Court of Federal Claims is not a district court of the United States.").

---

[6] Not only does Plaintiff bring claims under the FTCA, but his claims clearly sound in tort. *See, e.g.*, Compl. ¶ 12 (alleging "breach of duty"); *id.* ¶ 37 (alleging "interferen[ce] with property rights," which could be "framed . . . as a common-law tort"). Plaintiff acknowledges as much, arguing that his Complaint should have been sent to "the Constitutional Torts Staff" at the Department of Justice, not the Commercial Litigation Branch and that he is entitled "to bring certain state-law tort claims against the United States for torts committed by federal employees acting within the scope of their employment." Pl. Resp. at 3, 5. It is axiomatic that this Court lacks jurisdiction over claims sounding in tort, including those asserted by Plaintiff here. 28 U.S.C. § 1491(a)(1); *Mitchell*, 463 U.S. at 212; *see* Compl. ¶¶ 12, 37; Pl. Resp. at 3, 5. Accordingly, the Court lacks jurisdiction over Plaintiff's claims. *See Barksdale v. United States*, 582 F. App'x 890, 891−92 (Fed. Cir. 2014); *Shearin v. United States*, 992 F.2d 1195, 1197 (Fed. Cir. 1993); 28 U.S.C. § 1491. Further, to the extent Plaintiff claims that Defendants engaged in criminal acts, such as deprivation of human rights under 18 U.S.C. § 242 or a conspiracy, this Court lacks "jurisdiction over criminal matters generally." *Jones*, 440 F. App'x at 918; Compl. ¶¶ 1, 13, 15–16; *see Joshua*, 17 F.3d at 379.

[7] While Section 3614 of the Civil Rights Act permits the Attorney General to enforce fair housing laws and permits courts to grant monetary relief, this Court lacks jurisdiction to hear claims under the statue because jurisdiction over such claims rests exclusively with the district courts. *See* 28 U.S.C. §1343(a)(4); 42 U.S.C. § 3614.

10

Beyond the Tucker Act, Plaintiff also cites multiple sections of Title 28 to invoke jurisdiction. Compl. ¶¶ 3–4 (citing 28 U.S.C. § 2071(e), (f); 28 U.S.C. § 1331; 28 U.S.C. § 1658). However, none of these statutes relate to this Court's jurisdiction. Section 1331 is a general grant of jurisdiction to the district courts. *See* 28 U.S.C. § 1331 (vesting "district courts" with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). Section 2071 is a general rule-making provision for the federal courts. *See* 28 U.S.C. § 2071 (providing authority for federal courts to promulgate rules). Section 1658 provides a statute of limitations for civil actions arising under an Act of Congress. *See* 28 U.S.C. § 1658 (setting statute of limitations for "a civil action arising under an Act of Congress"). As such, none of these provisions confer jurisdiction on this Court. *See Ajamian v. United States*, 623 F. App'x 1018, 1020 (Fed. Cir. 2015) ("Section 1331 therefore does not confer on [the Court of Federal Claims] jurisdiction."); *Johnson v. United States*, 411 F. App'x 303, 305 (Fed. Cir. 2010) (noting that 28 U.S.C. § 2071 "is a general rule-making provision, not a jurisdictional statute").

**B.   This Court Lacks Jurisdiction Over Plaintiff's Constitutional Claims.**

Plaintiff asserts a barrage of constitutional claims. Compl. ¶¶ 8–9, 13, 15–16, 19–20, 33–37, 40, 46. This Court has jurisdiction over none of the claims. Plaintiff cites the Cases or Controversies Clause of Article III, the Privileges and Immunities Clause, as well as the First, Fifth, Ninth, and Fourteenth Amendments. Compl. ¶¶ 8–9, 13, 15–16, 19–20, 33–37, 40, 46. This Court plainly lacks jurisdiction over all claims asserted under these constitutional provisions.[8] *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (The "Due Process Clauses of the Fifth and Fourteenth Amendments" and "the Equal Protection Clause of the Fourteenth Amendment" are not "a sufficient basis for jurisdiction because they do not mandate payment of

---

[8] The Court addresses Plaintiff's argument under the Cases or Controversies Clause of Article III below. *See infra* § II.

11

money by the government."); *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (noting that it is "well settled" that the Due Process Clauses of the Fifth and Fourteenth Amendments are not money mandating); *May v. United States*, 534 F. App'x 930, 933 (Fed. Cir. 2013) (internal citations omitted) ("The Privileges and Immunities Clause of Article IV of the Constitution, the Petition Clause of the First Amendment, the Due Process Clause of the Fifth Amendment, and the Equal Protection and Due Process Clauses of the Fourteenth Amendment do not mandate the payment of money by the government for violations."); *Patterson v. United States*, 218 F. App'x 987, 988 (Fed. Cir. 2007) (citing *Hamlet v. United States*, 63 F.3d 1097, 1107 (Fed. Cir. 1995)) ("[A] claim for monetary damages against the United States cannot be based on the First [or] Ninth . . . Amendments."); *Vuolu v. United States*, No. 06-5136, 2006 WL 3913417, at *1 (Fed. Cir. Dec. 29, 2006) (internal citations omitted) ("The Court of Federal Claims correctly held that it lacked jurisdiction . . . concerning violations of the First . . . and Ninth Amendments because these amendments do not mandate the payment of money.").

This Court also lacks jurisdiction over Plaintiff's Fifth Amendment Takings Claims even though the Fifth Amendment can be a money-mandating source under the Tucker Act. *Jan's Helicopter Servs., Inc. v. F.A.A.*, 525 F.3d 1299, 1309 (Fed. Cir. 2008). As noted, Plaintiff has filed in this Court previously. *See Barksdale*, 2014 WL 1910577, *aff'd* 582 F. App'x 890. There, Plaintiff alleged a "taking" of his First and Fourteenth Amendment rights. *Barksdale*, 582 F. App'x at 892. On appeal, the Federal Circuit rejected Plaintiff's attempt to "repackage[]" his constitutional claims as a Takings Clause violation and affirmed the dismissal of Plaintiff's claims for a lack of jurisdiction. *Id.* The Circuit looked beyond Plaintiff's bare use of the word "taking," finding that Plaintiff's claims were substantively claims under the First and Fourteenth Amendments, over which this Court lacked jurisdiction. *Id.* ("Despite the use of the word 'taking,'

12

which could be money-mandating under the Fifth Amendment, these are claims under the First and Fourteenth Amendment, which the Claims Court properly ruled was outside its jurisdiction."). Similarly, here, Plaintiff alleges a Taking of his constitutional rights to due process and equal protection, over which this Court lacks jurisdiction. Compl. at ¶¶ 37–46 ("THIRD CAUSE OF ACTION: Taking *constitutional* rights under expressed contract.") (emphasis added); Pl. Resp. at 5 (confirming that Plaintiff seeks redress "for the taking of Fifth Amendment due process rights, and Fourteenth Amendment equal protection of rights"); *LeBlanc*, 50 F.3d at 1028; *Smith*, 709 F.3d at 1116. Like in his previous case, Plaintiff's use of the work "taking" is merely an attempt to disguise claims that are not within this Court's jurisdiction as violations of the Takings Clause of the Fifth Amendment. *See Barksdale*, 582 F. App'x at 892; Pl. Resp. at 5. In sum, because Plaintiff's Taking claim is simply a repackaging of claims under the Due Process and Equal Protection Clauses, this Court lacks jurisdiction over it. *Barksdale*, 582 F. App'x at 892.

Accordingly, this Court lacks jurisdiction over all of Plaintiff's constitutional claims.

**C.     This Court Lacks Jurisdiction Over Plaintiff's Breach of Contract Claim.**

This Court lacks jurisdiction over Plaintiff's breach of an express contract claim. As noted, this Court has "jurisdiction over express and implied-in-fact contract claims against the United States," but it may dismiss a claim for lack of jurisdiction where a plaintiff fails to plausibly allege such a contract. *Stephens*, 165 Fed. Cl. at 347 (citing *City of El Centro*, 922 F.2d at 820); *see also Trauma Serv. Grp.*, 104 F.3d at 1325 ("To show jurisdiction in the Court of Federal Claims, [plaintiff] must show that either an express or implied-in-fact contract underlies its claim.").

Plaintiff appears to argue that the Judicial Defendants breached their express employment contracts—*i.e.* their oaths—by dismissing Plaintiff's cases. Compl. ¶¶ 30–37. This claim fails for two reasons. *First*, this claim relies on 28 U.S.C. § 453, which delineates the oath for federal judges. 28 U.S.C. § 453. A statutory provision is insufficient to demonstrate the existence of a

13

contract between Plaintiff and the United States. *See Clawson v. United States*, 24 Cl. Ct. 366, 370 (1991) (citing *Bennett v. Ky. Dep't of Educ.*, 470 U.S. 656, 669 (1985)) ("Where rights and obligations are prescribed by statute and regulation rather than determined through the mechanics of a bilateral exchange, there is no contract . . . ."); *see also Nalette v. United States,* 72 Fed. Cl. 198, 202 (Fed. Cl. 2006) (determining that claims alleging the breach of an oath of office sound in tort); *Taylor v. United States*, 139 Fed. Cl. 4, 8 (2018), *aff'd*, 747 F. App'x 863 (Fed. Cir. 2019) ("An oath of office, however, is not a contract, and in any event, claims arising from the alleged failure to abide by that oath sound in tort.").

*Second*, and more fundamentally, Plaintiff never alleges a contract between *himself* and the Government. But "[t]o maintain a cause of action pursuant to the Tucker Act that is based on a contract, the contract must be between the plaintiff and the government." *Ransom v. United States*, 900 F.2d 242, 244 (Fed. Cir. 1990) (citing *Silverman v. United States*, 679 F.2d 865, 870 (Ct. Cl. 1982)). Plaintiff instead alleges a breach of an employment contract between the *Judicial Defendants* and the government. Compl. ¶ 33b. Therefore, this Court lacks jurisdiction over Plaintiff's alleged contract claim, both for the reason stated above and for lack of standing to assert such a claim.

Accordingly, this Court must dismiss Plaintiff's claims for a lack of jurisdiction under Rules 12(h)(3) and 12(b)(1).[9]

---

[9] Even if this Court had jurisdiction, Plaintiff fails to state a claim. It is well-established that Plaintiff must assert facts demonstrating the elements of a contract with the United States to withstand a motion to dismiss. *See Am. Bankers Ass'n v. United States*, 932 F.3d 1375, 1380–81 (Fed. Cir. 2019) ("Because [plaintiff] failed to allege facts establishing the existence of a contract with the government, we determine that the trial court did not err in dismissing the claim."); *Kelly v. United States*, No. 2022-1209, 2022 WL 1020283, at *1 (Fed. Cir. Apr. 6, 2022) ("[Plaintiff] failed to allege facts supporting the existence of a contract with the United States . . . . Accordingly, [plaintiff] could not show that the Court of Federal Claims had jurisdiction over her claims, nor had she stated a claim upon which relief could be granted."); *see also Anderson v. United States,*

14

## II. This Court Lacks Jurisdiction to Review the Merits of the Decisions of the Judicial Defendants.

At their core, Plaintiff's claims rest on the contention that the Judicial Defendants improperly decided their cases involving Plaintiff. *See generally* Compl.; *id.* ¶¶ 15–16 (alleging the Judicial Defendants' dismissals of Plaintiff's cases constitute a conspiracy against him); *id.* ¶ 22 (describing the Judicial Defendants' dismissals of Plaintiff's cases as "secret trials"). However, this Court lacks jurisdiction "to challenge the merits" of decisions by Article III tribunals. *Shinnecock Indians*, 782 F.3d at 1353; *see also Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts."). Indeed, Plaintiff argues that the Judicial Defendants' opinions constitute advisory opinions in contravention of the Cases or Controversies Clause of Article III of the Constitution. Compl. ¶¶ 8, 15, 27–28. This argument, too, is a challenge to the decisions of another court, over which this Court lacks jurisdiction. *See Joshua*, 17 F.3d at 380. Therefore, this Court lacks jurisdiction to hear any claims challenging the Judicial Defendants' decisions on the merits.

---

344 F.3d 1343, 1353 (Fed. Cir. 2003) (describing four elements of a contract). Here, Plaintiff asserts no elements of a contract nor any facts demonstrating the existence of a contract. *See generally* Compl. Plaintiff, instead, points to the employment status of the Judicial Defendants, claiming that their "Acceptance, Awareness, Consideration, of employment Capacity and Legality, created an Express contract[.]" *Id.* ¶ 32. In his Response, Plaintiff clarifies that the elements of the contract "are found in 28 USC § 44" and "28 USC § 453." Pl. Resp. at 5–6. However, 28 U.S.C. § 44 provides for the appointment, tenure, residence and salary of circuit judges, and Section 453 provides federal judges with their oath of office. *See* 28 U.S.C. §§ 44, 453. As discussed above, a statutory provision alone is insufficient to demonstrate the existence of a contract between Plaintiff and the United States. *See Clawson*, 24 Cl. Ct. at 370. Because Plaintiff fails to allege any elements of a contact—let alone the existence of a contract between himself and the federal government—he fails to state a claim. *Am. Bankers Ass'n*, 932 F.3d at 1380–81.

15

### III. This Court Lacks Jurisdiction to Hear Claims Against the Judicial Defendants.

The Complaint must be dismissed for the additional reason that the Court lacks jurisdiction to hear the claims against the Judicial Defendants. As noted, Plaintiff names two district court judges and JCUS as defendants. Compl. ¶ 6. His Complaint is rife with allegations of purported bad acts by the Judicial Defendants. *See generally id.* But it is well-established that "[t]he Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials." *Brown*, 105 F.3d at 624; *see also Sherwood*, 312 U.S. at 588 ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."). Therefore, this Court cannot hear Plaintiff's claims against the Judicial Defendants.[10]

### CONCLUSION

For the reasons stated above, this Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 6) for lack of jurisdiction pursuant to Rules 12(b)(1) and 12(h)(3). Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 2) is **GRANTED** for good cause shown as Plaintiff

---

[10] To the extent Plaintiff's claims against JCUS are claims against the conduct of the individual Judicial Defendants, this Court lacks jurisdiction to hear such claims as they are claims against individual federal officers. *See Brown*, 105 F.3d at 624. Indeed, in another case, a different judge on the Court of Federal Claims construed claims against "the federal judiciary" as claims against "individual federal judicial officers." *Portnov v. United States*, No. 17-672, 2017 WL 2295001, at *3 (Fed. Cl. May 25, 2017), *aff'd*, 739 F. App'x 613 (Fed. Cir. 2017). Here, Plaintiff alleges that "defendant employees . . . acts are JCUS acts." Compl. ¶ 5. Similarly, Plaintiff refers to the Judicial Defendants as "'JCUS' employees" and alleges that the claims at issue in this case "occurred in the, Judicial Conference of the United States 'JCUS' US District Court for the Northern District of Ohio Eastern Division." *Id.* ¶ 4. Accordingly, because Plaintiff's claims against JCUS appear to be claims against the Judicial Defendants, this Court lacks jurisdiction to hear the claims against JCUS. The only standalone reference to JCUS appears to allege that its "rule making of 28 U.S.C. § 1915A(a)" prevents review of Plaintiff's claims. Compl. ¶ 10 (emphasis omitted). However, Section 1915A is a statute passed by Congress, not an administrative rule promulgated by JCUS under 28 U.S.C. § 331. Therefore, even if any of the claims discussed above could be brought against JCUS, they would fail to state a claim upon which relief could be granted.

16

submitted documentation satisfying the statute's requirements.  *See* 28 U.S.C. § 1915.  Plaintiff's Motion for Summary Judgment (ECF No. 7) is **DENIED** as moot.

This Court certifies that pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this Memorandum and Order would not be in good faith, and therefore *in forma pauperis* status is denied for purposes of an appeal.  The Clerk of Court is **DIRECTED** to enter Judgment accordingly.

IT IS SO ORDERED.



*Eleni M. Roumel*
ELENI M. ROUMEL
Judge

Dated: November 20, 2024
Washington, D.C.